# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JUDY MILLER,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY; FEDERAL HOME LOAN MORTGAGE CORPORATION; and SPECIALIZED LOAN SERVICING, LLC,<br><br>        Defendants. | C.A. No. 1:18-cv-00387-JJM-LDA |

## FEDERAL HOUSING FINANCE AGENCY AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S RULE 16 STATEMENT

Defendants, Federal Housing Finance Agency ("FHFA") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "Defendants"), submit the following written statement in accordance with this Court's November 27, 2018 notice of pretrial scheduling conference and pursuant to Fed. R. Civ. P. 16 and DRI LR 16(b).

## I. BACKGROUND

Plaintiff, Judy Miller ("Plaintiff") commenced this action on July 12, 2018 by filing a Complaint and a Motion for Temporary Restraining Order and Preliminary Injunction to halt recording of a foreclosure deed in the chain of title for property located at 543 Main Street, Hopkinton, Rhode Island (the "Property"). In her Complaint, Plaintiff claims due process violations arising from Freddie Mac's December 14, 2017 foreclosure, violations of Rhode Island's mediation statute (Gen. Laws § 34-27-3.2), the Federal Truth In Lending Act, the Fair Debt Collection Practices Act, Regulation X and Regulation Z, and breach of covenant of good faith and fair dealing. In her Motion for Temporary Restraining Order, Plaintiff requested immediate injunction of any recording of a foreclosure deed, and an order to accept her

reinstatement payment based on sworn averment that she had $53,000 to cure the loan arrearage. (Doc. No. 3 at ¶¶ 61, 67; Doc. No. 3-1 at ¶¶ 18-22, 38, 63-67.)

After receiving copy of the complaint, Freddie Mac agreed to withhold recording of any foreclosure deed in exchange for Plaintiff's agreement to withdraw her immediate request for injunctive relief. The July 16, 2018 hearing was cancelled, and the Court referred this case to mediation. Mediation was conducted on August 28, 2018 without any resolution, and the parties have yet to reach a settlement to date. In the meantime, Plaintiff has served Specialized Loan Servicing, LLC ("SLS"), and SLS has filed an answer to the complaint. Plaintiff has not served FHFA or Freddie Mac.

In terms of the mortgage loan, Plaintiff executed a promissory note in July of 2007 to repay $228,000.00 to Key Financial Corporation, and she secured repayment of the note with a mortgage on the Property. Freddie Mac is the current owner of Plaintiff's mortgage loan, and SLS is the servicer. According to Plaintiff's Complaint, she defaulted on the mortgage loan in May of 2016, which ultimately resulted in a foreclosure sale in December of 2017.

## II. LEGAL ISSUES

By now, the Court is familiar with the due process claim Plaintiff raises, and with Freddie Mac and FHFA's threshold defense to the claim—that neither are government actors subject to constitutional claims such as this. *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995); *Herron v. Fannie Mae*, 861 F.3d 160, 167 (D.C. Cir. 2017); *Mik v. Freddie Mac*, 743 F.3d 149, 168 (6th Cir. 2014); *Rubin v. Fannie Mae*, 587 F. App'x 273, 275 (6th Cir. 2014); *Dias v. Fannie Mae*, 990 F.Supp.2d 1042, 1062 (D. Haw. 2013). Beyond the alleged due process violation, Plaintiff pursues a series of claims against the defendants all of which ultimately fail on review of recent decisions from the Rhode Island federal court including *Martins v. Federal*

*Housing Finance Agency*, 214 F. Supp. 3d 163, 169 (D.R.I. 2016) (strict compliance of a Paragraph 22 notice of default); *Pemental v. Bank of N.Y. Mellon*, No. 16-483S, 2017 U.S. Dist. LEXIS 122971 (D.R.I. May 10, 2017) (lack of injury in a TILA claim); and *Viera v. Bank of N.Y. Mellon*, No. 17-0523S, 2018 U.S. Dist. LEXIS 176276 (D.R.I. Oct. 12, 2018) (breach of contract and covenant of the good faith and fair dealing on notices of acceleration and FDCPA claims).

>Respectfully submitted,
>
>FEDERAL HOUSING FINANCE AGENCY and FEDERAL HOME LOAN MORTGAGE CORPORATION,
>
>By Their Attorneys,
>
>*/s/ Ethan Z. Tieger*
>Samuel C. Bodurtha, Bar No. 7075
>Ethan Z. Tieger, Bar No. 9308
>HINSHAW & CULBERTSON LLP
>56 Exchange Terrace
>Providence, RI 02903
>Telephone: (401) 751-0842
>Facsimile: (401) 751-0072
>sbodurtha@hinshawlaw.com
>etieger@hinshawlaw.com

Dated: December 12, 2018

## CERTIFICATE OF SERVICE

I, Ethan Z. Tieger, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on December 12, 2018.

>*/s/ Ethan Z. Tieger*
>Ethan Z. Tieger

302942293v1 1011527